UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS E. DONAHUE,

                              Plaintiff


         v.                                      3:06-CV-53

UNO RESTAURANTS, LLC,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Plaintiff commenced the instant action pursuant to 42 U.S.C. § 2000e, et seq.,

claiming discrimination on account of his race, color, and having opposed certain other

discriminatory practices.  Presently before the Court is Defendant's motion to dismiss

pursuant to FED. R. CIV. P. 12(b)(6) on the ground that Plaintiff's claims are barred by the

terms of a release entered into between the parties.[1]

---

[1]Plaintiff's opposition papers were signed by an attorney Matthew Bell.  Attorney Bell has not filed
an appearance in this case.  This is a violation of N.D.N.Y.L.R. 83.2(a).  Moreover, Plaintiff's opposition
papers consist of an "Answering Affirmation" prepared by Attorney Bell.  This, too, is a violation of the
local rules of practice.  Local Rule 7.1(a) provides that "all . . . opposition to motions require a
memorandum of law."  Plaintiff failed to submit a memorandum of law.  Local Rule 7.1(a)(2) further
provides that "[a]n affidavit must not contain legal arguments. . . ."  Attorney Bell's affirmation (which is
the functional equivalent of an affidavit) contains legal arguments.  In fact, on a Rule 12(b)(6) motion, an
affidavit is not required because the Court cannot consider materials submitted outside of the pleadings.
N.D.N.Y.L.R. 7.1(a)(2) ("An affidavit is required for all motions except . . . a motion pursuant to Fed. R.
Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.").  Plaintiff is directed to
strictly comply with the requirements of this Court's Local Rules.

I.      FACTS

Plaintiff was employed by Defendant from December 26, 2000 to February 7, 2004, at which time Defendant terminated Plaintiff's employment.  Plaintiff claims that, during his period of employment, he was subjected to a hostile work environment.  Plaintiff also claims that the termination of his employment was motivated by Plaintiff having opposed certain discriminatory practices by Defendant.

In its motion to dismiss, Defendant contends that Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") and that, during the course of those proceedings, the parties had expressed a desire to settle the matter.  Defendant further claims that the parties came to terms on a proposed settlement negotiated through the NYSDHR.  The settlement is purported to have included an agreement that Plaintiff would not sue Defendant.  Defendant claims that it executed the settlement documents, and that, in reasonable reliance upon Plaintiff's representation that he would execute the settlement agreement, it performed its obligations under the terms of the settlement agreement.  Plaintiff never signed the settlement documents.  Defendant maintains that the release precludes the instant litigation.

II.     STANDARD OF REVIEW

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for "failure to state a claim upon which relief can be granted" must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A complaint should not be dismissed unless it appears that no construction of the facts would permit the plaintiff to prevail. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Bass v. Jackson, 790 F.2d 260, 262 (2d Cir. 1986).

When considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint and "all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995). The court also may consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## III.    DISCUSSION

Defendant moves to dismiss based upon the defense of a release. That issue may not, however, be properly resolved on a motion to dismiss. Plaintiff's Complaint makes no mention of a release and any such release does not form the basis of Plaintiff's suit. Further, there is no basis upon which the Court may take judicial notice of any release. Accordingly, the documents submitted by Defendants in support of their motion to dismiss may not be considered by the Court on a Rule 12 motion. The validity of any contract may properly be determined upon a motion for summary judgment or at trial.

Defendant also argues that N.Y.C.P.L.R. § 2104 would not be a bar to any alleged agreement. The Court agrees. Section 2104 provides that:

> An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered. With respect to stipulations of settlement and notwithstanding the form of the stipulation of settlement, the terms of such stipulation shall be filed by the defendant with the county clerk.

As the statute itself makes clear, it only applies "to any matter in an action." The statute does not apply to the instant case because at the time of any alleged agreement, there was no "action." The Complaint alleges that Plaintiff filed a charge of discrimination with the

NYSDHR and that he received a dismissal of those proceedings in November 2005. The Complaint in this action was filed in January 2006. Plaintiff concedes that any settlement negotiations with Defendant occurred in 2004, long before the instant action was commenced. See Bell Affirmation at ¶ 4. Thus, at the time of any alleged agreement, this action was not pending. Furthermore, although there may have been ongoing proceedings before the NYSDHR, the New York Court of Appeals has held that "an administrative proceeding is not an action." Matter of Fiedelman v. New York State Dept. of Health, 58 N.Y.2d 80, 82, 459 N.Y.S.2d 420, 445 N.E.2d 1099 (1983); see N.Y.C.P.L.R. § 105(b). Because there was no "action" at the time of any alleged agreement, CPLR § 2104 is inapplicable.[2]

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss based on the affirmative defense of a release is DENIED with leave to renew upon a properly supported motion for summary judgment or at trial.

IT IS SO ORDERED.

Dated: May 16, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] Because it is clear that § 2104 is inapplicable to the facts and circumstances of this case, the Court need not address whether § 2104 applies to federal court proceedings.